UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JEREMIAH SHANE FARMER,<br><br>Plaintiff,<br><br>v.<br><br>HAMMOND POLICE, et al.,<br><br>Defendants. | CAUSE NO. 2:21-CV-220-TLS-JPK |

**OPINION AND ORDER**

Jeremiah Shane Farmer, a prisoner without a lawyer, filed a motion seeking leave to amend his complaint [ECF 31], a motion seeking permission to exceed the expected page limit for a complaint [ECF 32], and a motion seeking leave to amend his complaint to add new plaintiffs for a class action suit [ECF 33].

A review of the history of this case shows Farmer filed an original complaint and a number of motions asking to supplement or amend his complaint. ECF 1, 11, 18, 20, 23, and 25. The motions were granted to the extent Farmer was given permission to file an amended complaint. ECF 29. Farmer indicates that he attempted to file a 300-page amended complaint in December 2021, but the court never received it. ECF 31-1 at 1-2; ECF 32-1 at 1. On February 4, 2021, Farmer filed another motion seeking leave to amend his complaint [ECF 31] and, but for the title, the filing reads like a 94-page amended complaint. To the extent Farmer is seeking leave to amend his complaint [ECF 31], that motion is unnecessary because he has already been granted leave to amend his complaint. *See* ECF 26, 29. The court construes Farmer's motion as an amended complaint and will direct the clerk to edit docket entry 31 to indicate that the filing at this entry is an amended complaint. Additionally, because the 94-page amended complaint

supersedes all of the prior amended complaints Farmer has attempted to file, the court will now consider it as required by 28 U.S.C. § 1915A. *See French v. Wachovia Bank*, 574 F.3d 830, 835 (7th Cir. 2009).

Farmer's amended complaint is deficient. ECF 31. As a preliminary matter, his amended complaint is not on the court's approved form for prisoner civil rights actions. *See* **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint.** It thus does not comply with the Local Rules of this District, which require a pro se litigant to use court-approved forms when available. *See* N.D. Ind. L.R. 7-6. Although he is proceeding without counsel, he is still expected to comply with applicable rules.

Furthermore, the Federal Rules of Civil Procedure require Farmer to present his claims with sufficient clarity "to avoid requiring a district court or opposing party to forever sift through its pages" to determine whether it states a claim. *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990); *see also United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) (federal pleading standards "require[] parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud"). To this end, Rule 8 of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Farmer's amended complaint is neither short nor plain; it consists of 94 handwritten pages. ECF 31. The way Farmer has drafted the amended complaint is cumbersome and makes it difficult for the court and the defendants to discern the exact contours of his claims. Thus, Farmer will be granted another opportunity to amend.

In the amended complaint before the court, Farmer is suing different defendants over a variety of alleged wrongs. He is cautioned that his amended complaint must contain only related

claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . .."). When a prisoner plaintiff files a complaint with unrelated claims, it is the practice of this court to allow him to decide which related claims to pursue in the present case, as well as to decide whether to bring the other claims in separate suits. *See Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017); *see also Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (holding that district courts may direct a plaintiff "to file separate complaints, each confined to one group of injuries and defendants"). This is the fairest solution because "the plaintiff as master of the complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009). Thus, it is the prisoner plaintiff who should make the decision whether to incur those additional filing fees and bear the risk of additional strikes. However, if Farmer is unable to select related claims on which to proceed in this case, the court may select the claims.

Farmer also seeks permission to exceed the expected page limit for his amended complaint. ECF 32. That motion will be denied because there is no page limit mandated for a complaint by the federal rules of civil procedure or local court rules. However, as discussed, Farmer must comply with Rule 8(a)(2) when preparing his next amended complaint.

Additionally, Farmer's request to amend his complaint to add new plaintiffs for a class action suit ]ECF 33] will be denied because it would be "plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Hagan v. Rogers*, 570 F.3d 146, 159 (3rd Cir. 2009). "Under Rule 23(a)(4), a class representative must fairly and adequately protect the interests of the class. A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited

to allow him to risk the rights of others." *Fymbo v. State Farm*, 213 F.3d 1320, 1321 (10th Cir. 2000) (citations and quotation marks omitted). Therefore, Farmer may only represent himself on his own claims.

In the interests of justice, Farmer will be given an opportunity to file an amended complaint that contains the claims he wishes to raise in this case. However, in preparing his amended complaint, Farmer must comply with Rule 8(a)(2) and use the court's approved form. He should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured.

For these reasons, the court:

(1) CONSTRUES Jeremiah Shane Farmer's motion seeking leave to amend his complaint as an amended complaint and DIRECTS the clerk to edit docket entry 31 to indicate the filing is an amended complaint [ECF 31];

(2) DENIES Jeremiah Shane Farmer's motion seeking permission to exceed the expected page limit for a complaint [ECF 32];

(3) DENIES Jeremiah Shane Farmer's motion seeking leave to amend his complaint to add new plaintiffs for a class action suit [ECF 33];

(4) DIRECTS the clerk to place this cause number on a blank Pro Se 14 (INND Rev. 2/20) Prisoner Complaint form and send it to Jeremiah Shane Farmer;

(5) GRANTS Jeremiah Shane Farmer leave to file an amended complaint that is short and plain, and contains only related claims using this court's form by **June 10, 2022**;

(6) CAUTIONS Jeremiah Shane Farmer that if he does not file an amended complaint that complies with federal and local rules this case will be dismissed; and

(7) FURTHER CAUTIONS Jeremiah Shane Farmer that if he files an amended complaint that contains unrelated claims the court may select one claim and dismiss any unrelated claims.

SO ORDERED on May 5, 2022

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT